UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDUL-RASHIID AHMAD,

    Plaintiff,

vs.                                      Case No. 10-12644

HON. AVERN COHN

NANCI J. GRANT, EDWARD SOSNICK,
JESSICA R. COOPER, PETER G. MANSOUR,
DIANE D'AGOSTINI, and RICARDO GARCIA,
    Defendant.
_____/

## ORDER DISMISSING CASE
## AND
## DIRECTING CLERK TO RETURN THE FILING FEE TO PLAINTIFF

I.

Abdul-Rashid Ahmad has filed a pro se a complaint naming Nanci J. Grant, Edward Sosnick, Jessica R. Cooper, Peter G. Mansour, Diane D'Agostini, and Richard Garcia as defendants. For the reasons that follow, the complaint will be dismissed and the Clerk will be directed to return the filing fee to plaintiff.

II.

Because plaintiff paid the requisite filing fee, the complaint is not subject to screening for sua sponte dismissal under 28 U.S.C. § 1915(e)(2). Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999). A court generally may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff notice and the opportunity to amend the complaint. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983). However, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) of the Federal

Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, et al. 183 F.3d 477, 479 (6th Cir. 1999). When reviewing pro se complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972).

III.

The Court has read the complaint. It is virtually unintelligible. The complaint begins with a recitation of events occurring in September of 2009 when plaintiff attempted to purchase a car from a Mercedes Benz dealership in Bloomfield Hills, Michigan. Plaintiff was unable to purchase the car apparently because the dealership did not accept his paperwork, which included a document plaintiff calls a "private money order voucher."

The complaint then goes on to recite events beginning in January when a Bloomfield Hills police officer and an agent from the Michigan Department of Treasury questioned him at his home. Then, in March 2010, plaintiff says he was "kidnap[ped] under threat of violence" and taken to the Oakland County Jail. He says he did not see the warrant and was not read his rights. He says he was arraigned in 48th District Court and later released on bond. He says his case was bound over to Circuit Court. Plaintiff does not say what charges were filed against him.

Finally, the complaint ends with a series of rhetorical questions, including "are these violations of due process? And lack of jurisdiction? Equal protection of the law? What are the remedies for the conclusions of this case?" Plaintiff also says he has been damaged in various forms.

IV.

Although it appears that plaintiff is attempting to invoke the Court's federal question jurisdiction, his passing reference to the due process and equal protection clauses are insufficient to establish federal jurisdiction.

Moreover, to the extent plaintiff is challenging actions taking place in state court, this case is barred by the Rooker-Feldman doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This is true even in the face of allegations that "the state court's action was unconstitutional." Feldman, 460 U.S. at 486; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir.1996). Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476. To the extent plaintiff is seeking federal court review of a state case, the Rooker-Feldman doctrine precludes the exercise of federal jurisdiction.

Moreover, it appears that all of the named defendants are persons who are immune from suit. Specifically, Nanci Grant and Edward Sosnick are Oakland County Circuit Court judges, Jessica Cooper is the Oakland County Prosecutor, Peter Mansour is a Magistrate in the 48th District Court, Diane D'Agostini is a District Judge in the 48th District Court, and Richard Garcia is a probate judge in Ingham County Probate Court.[1] To the extent plaintiff is suing these defendants for their official actions, they are entitled

---

[1] Plaintiff named a "Ricardo Garcia." It is assumed that the individual named is Judge Richard J. Garcia.

3

to immunity.  See Pierson v. Ray, 386 U.S. 547 (1967), Stump v. Sparkman, 435 U.S. 349 (1978) (discussing judicial immunity) and SeeImbler v. Pachtman, 424 U.S. 409, 430 (1976), Skinner v. Govorchin, 463 F.3d 518, 525 (6th Cir. 2006) (discussing prosecutorial immunity).

Overall, even under a liberal pleading standard, the complaint fails to articulate a discrete and viable federal claim against any of the defendants.

Accordingly, this case is DISMISSED.

The Clerk is directed to return the filing fee to plaintiff.

SO ORDERED.

                                                                   s/Avern Cohn  
                                                                   AVERN COHN  
                                                                   UNITED STATES DISTRICT JUDGE

Dated:  July 12, 2010

I hereby certify that a copy of the foregoing document was mailed to Abdul-Rashiid Ahmad 3476 Montclair Street, Detroit, MI 48214-2149 on this date, July 12, 2010, by electronic and/or ordinary mail.

                                                                  s/Julie Owens  
                                                                  Case Manager, (313) 234-5160